SHAMLIN *et al. v.* BOARD OF SUPERVISORS OF PRENTISS COUNTY.

(Division B. Jan. 22, 1940.)

[193 So. 441. No. 33923.]

Sharp & Sharp, of Booneville, for appellants.

Eugene P. Lacy and J. Sidney Finch, both of Boone-ville, for appellee.

Argued orally by **W. L. Sharp**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

This cause arose before the Board of Supervisors of Prentiss County on a petition filed before it for the issuance of bonds for the B. H. N. Special Consolidated School District, requesting that board to issue bonds for the purpose of purchasing materials, supplies and equipment to be used in repairing, improving and constructing school buildings in that district. The school district is a line consolidated school district located in Tishomingo and Prentiss Counties.

Upon considering the petition, the board found that a majority of the qualified electors in that district in Prentiss County, Mississippi, had signed the petition, and, in effect, made a preliminary order looking to the issuance of bonds for the purposes stated for that district.

Shamlin and others appeared before the board and objected to the issuance of the bonds, notwithstanding which, the board made the preliminary order finding that the issuance of the bonds was necessary, the proceeds of which were to be used in connection with federal funds granted for that purpose. The board, however, did not order the issuance of any bonds, but reserved the final order for future consideration.

Shamlin and others appealed to the circuit court. The appeal was dismissed and the order of the board sustained. From the judgment of the circuit court, appeal is prosecuted here.

The numerous objections to the issuance of the bonds presented to the board of supervisors will not be considered here. One objection, which was presented to

the board and the circuit court, we consider vital, and the disposition of that objection will dispose of the case.

The proceeding to issue these bonds was under Chapter 258 of the Laws of 1934. It was contended that this chapter did not apply to line consolidated school districts, but only applied to consolidated school districts located entirely within the county. Sections 1 and 2 of the Act are, as follows:

"Section 1. Be it enacted by the Legislature of the State of Mississippi, That in cases where projects have been approved or may be approved by the civil works administration for repairing, improving or constructing consolidated school buildings and no ·funds are available for the purchasing of materials; supplies and equipment necessary to the completion of such project, on petition of a majority of the qualified electors of any consolidated school district, the board of supervisors of any county in this state, where such district is located, be and it is hereby authorized and directed to borrow money in the sum fixed in such petition for any consolidated school district located in said county, provided said amount does not exceed five per centum (5%) of the assessed valuation of the taxable property of such school district for the purpose of purchasing materials, supplies and equipment to be used in repairing, improving, and constructing school buildings for such district, when such repairs and improvements are to be made with the aid of federal funds made available for that purpose by the civil works administration, or other federal agency. Said board of supervisors may issue negotiable interest-bearing notes or bonds of such school district, and the money thus borrowed shall bear interest at a rate not to exceed six per centum (6%) per annum and maturing from one to ten years from the date of issuance. It shall not be necessary that any notice be published of the intention to borrow such money, or to issue such interest-bearing notes or bonds, or that any election be held for the purpose of submitting ·to the qualified electors

of such school district the question of whether or not such money shall be borrowed or such interest-bearing notes shall be issued therefor, provided the funds so borrowed shall not exceed seventy-five per centum (75%) of the amount obtained, or to be obtained, from the civil works administration, or other federal agency.

"Sec. 2. For the payment of the notes or bonds issued under the provisions of section 1 of this act, it shall be the duty of the board of supervisors of the county in which such school district is located to levy a special tax each year on all the taxable property of such school district sufficient to pay said notes or bonds, with interest, as aforesaid, when and as same shall become due."

Section 3 relates to the amount of bonds that can be issued and the expenditure of the funds exclusively for the purposes issued, together with the federal aid funds. Section 4 authorizes the school authorities to expend the funds in conjunction with and according to the provisions of the National Industrial Recovery Act, 48 Stat. 195, and other federal agencies.

There is no provision in the Act for a levy of a tax by the board of supervisors of one county upon the property of the other county for the payment of the bond issue. In fact, the whole Act clearly applies to a county and to a board of supervisors having jurisdiction of the matter of the issuance of bonds in that county. There is no language indicating that the Legislature intended to permit the board of supervisors of one county to levy a tax upon an area in the school district of another county. The Act is entirely silent as to this vital feature. In order to make the Act apply in this case for the area in Tishomingo County, in practical effect, we would be compelled by construction to complete the Act so that it might be made to be effectual in more than one county. We can find no substantial basis under any of the rules for the construction of statutes thus to do.

It will be observed that the issuance of bonds under Chapter 258 was contemplated without calling an elec-

tion. Under the law existing prior to the passage of this Act, the procedure is outlined in Sections 6643, 6644, 6647, of the Code of 1930.

Our attention is called to Chapter 264, Laws of 1936, wherein the school trustees, in conjunction with the board of supervisors, are allowed to borrow money for the purpose of purchasing heating plants, fixtures and equipment for educational buildings belonging to such school district; and by Section 8 thereof, provision is made for the levy of the tax by the board of supervisors therein authorized to pass upon the resolution, on the property on the entire territory without regard to county lines. The equivalent of Section 8 does not appear in Chapter 258.

Our attention is not called to any amendment of Chapter 258, nor to any other statute which could be considered in pari materia, in order to permit the issuance of bonds for the purpose here under consideration. It may be that line consolidated school districts should have been provided for in the chapter here involved, but the Legislature did not see fit to do so.

If bonds have been issued for a line consolidated school district under the authority of this chapter, the Legislature may, if it so desires, validate such bonds. In our opinion, Chapter 258 does not include line consolidated school districts and bonds cannot be issued thereunder for such districts.

Reversed, and judgment here for appellants.